IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KASHONA THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NATIONAL CREDIT ADJUSTERS, LLC., | ) ) )   Case No: __13-cv-2414 CM/GLR__ |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, KASHONA THOMAS, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the Defendant, NATIONAL CREDIT ADJUSTERS, LLC., the Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    KASHONA THOMAS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Bronx, County of Bronx, State of New York.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Kenwood Services (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Kenwood Services was for a payday loan, the funds of which were for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. NATIONAL CREDIT ADJUSTERS, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of New York. Defendant is registered as a limited liability company in the State of Kansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

14. Since in or around May 2013, Plaintiff has received multiple telephone calls from Defendant, in an attempt to collect a debt allegedly owed by Plaintiff to Kenwood Services.

15. In or around May 2013, a duly authorized representative of Defendant initiated a telephone call to Plaintiff and left a voicemail message.

16. The aforementioned voicemail message informed Plaintiff that the caller was attempting to collect a debt that Plaintiff owed.

17. During the course of the aforementioned voicemail message, Defendant accused Plaintiff of committing "check fraud" and threatened to "send the sheriff to her job" if Plaintiff did not contact Defendant back immediately.

18. At no time during the course of the aforementioned voicemail message did Defendant provide information relative to the individual caller's identity.

19. In or around May 2013, Plaintiff and Defendant engaged in a telephone conversation.

20. During the aforementioned telephone call between Plaintiff and Defendant, Defendant told Plaintiff that if she failed to pay the Debt, she would be arrested for "check fraud".

21. Defendant's representation that Plaintiff could be arrested had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

22. Plaintiff had not engaged in criminal conduct with respect to the Debt.

23. Defendant's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the Debt.

24. Defendant's representation that Plaintiff could be arrested relative to the Debt misrepresented the character, status and/or legal nature of the Debt.

25. Defendant's representations that Plaintiff could be arrested relative to the Debt were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

26. During the aforementioned telephone call between Plaintiff and Defendant, Defendant also threatened to file a lawsuit against Plaintiff relative to the Debt if Plaintiff failed to pay the Debt.

27. During the aforementioned telephone call between Plaintiff and Defendant, Defendant further threatened to "send the Sherriff to Plaintiff's home and place of employment" if Plaintiff failed to pay the Debt.

28. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

29. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

30. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

31. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

32. During the aforementioned telephone call between Plaintiff and Defendant, Plaintiff informed Defendant that she was willing to pay for the Debt with a money order if Defendant sent her written verification of the Debt.

33. Defendant told Plaintiff that they would not accept a money order from her and that the only way Plaintiff could pay for the Debt was by an electronic withdrawal, such as a debit card payment.

34. Plaintiff informed Defendant that she would not provide Defendant with her debit card information until she received written verification of the Debt from Defendant.

35. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with a written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

36. Since in or around May 2013, and subsequent to the aforementioned telephone call between Plaintiff and Defendant, Defendant has initiated three (3) to four (4) telephone calls per day to Plaintiff's cellular telephone, home telephone and work telephone in an attempt to collect the Debt.

37. During the aforesaid time period, Defendant has initiated telephone calls to Plaintiff prior to 8 a.m.

38. During the aforesaid time period, Defendant has initiated telephone calls to Plaintiff after 9 p.m.

39. The aforementioned telephone calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

40. In or around May 2013, Defendant initiated a telephone call to Plaintiff at her place of employment.

41. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that her employer does not permit her to accept calls of such nature while she is at work.

42. Subsequent to the aforementioned telephone call, despite being advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant proceeded to initiate multiple telephone calls to Plaintiff at her place of employment in an attempt to collect the Debt.

43. In or around June 2013, Defendant initiated a telephone call to Plaintiff's mother.

44. Despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around June 2013, Defendant proceeded to contact Plaintiff's mother.

45. During the course of the aforementioned telephone call between Plaintiff's mother and Defendant, Defendant stated that Plaintiff owed a debt and that if Plaintiff did not pay the debt, she will "have committed fraud against the bank and could be arrested."

46. Defendant's representations to Plaintiff's mother that Plaintiff "committed fraud against the bank and could be arrested" had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

47. Defendant's representation to Plaintiff's mother caused Plaintiff considerable stress as Plaintiff's mother believed that her daughter faced the risk of being arrested and or incarcerated.

48. Defendant's representations that Plaintiff could be arrested or go to jail were statements made by Defendant to Plaintiff's mother in an attempt to disgrace Plaintiff.

49. Subsequent to the aforementioned telephone call between Plaintiff's mother and Defendant, Plaintiff's mother conveyed the content of the aforesaid telephone conversation to Plaintiff.

50. On or about June 2013, Defendant initiated a telephone call to Plaintiff's daughter.

51. Despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around May 2013, Defendant proceeded to contact Plaintiff's daughter.

52. During the course of the aforementioned telephone call between Plaintiff's daughter and Defendant, Defendant stated that the Plaintiff owed a debt and that if Plaintiff did not pay the debt, she will "have committed fraud against the bank and could be arrested."

53. Defendant's representations that Plaintiff committed fraud against the bank and could be arrested had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

54. Defendant's representation to Plaintiff's daughter caused Plaintiff considerable distress as Plaintiff's daughter believed that her mother faced the risk of being arrested and or incarcerated.

55. Defendant's representations that Plaintiff could be arrested or go to jail were statements made by Defendant to Plaintiff's daughter in an attempt to disgrace Plaintiff.

56. Subsequent to the aforementioned telephone call between Plaintiff's daughter and Defendant, Plaintiff's daughter conveyed the content of the aforesaid telephone conversation to Plaintiff.

57. Plaintiff did not consent to Defendant contacting third parties.

58. In its attempts to collect the debt allegedly owed by Plaintiff to Kenwood Services, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

    b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

    c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    d. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

    e. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    f. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    g. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    i. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    k. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    l. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    m. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

59. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

60. Plaintiff hereby demands a trial by jury on all issues so triable.

61. The Plaintiff, KASHONA THOMAS by and through her attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KASHONA THOMAS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

   d.  Any other relief deemed appropriate by this Honorable Court.

                 Respectfully submitted,
                  **KASHONA THOMAS**

Dated: August 12, 2013       By:  s/ Mandy M. Shell

               Mandy M. Shell, KS Bar # 23410
               PO Box 413677
               Kansas City, MO  64141
               Telephone:   (913) 871-4170
               Facsimile:    (888) 418-1277
               E-Mail:         mshell@smithmarco.com
               ATTORNEY FOR PLAINTIFF